UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN EDWARD BETTYS,

    Plaintiff,

v.

JOHN HAMIL, et al.,

    Defendants.

CASE NO. 3:20-CV-5078-RBL-DWC

ORDER TO SHOW CAUSE REGARDING STATE AND DOE DEFENDANTS

Plaintiff John Edward Bettys, a Washington State civilly-committed detainee proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 4. After reviewing and screening Plaintiff's Complaint under 28 U.S.C. § 1915, the Court has issued a separate order directing service upon the individually named defendants. Dkt. 5. However, several of the remaining Defendants are not proper defendants in an action under 42 U.S.C. § 1983, and the Court lacks sufficient information to serve the remaining Defendants. Accordingly, the Court orders Plaintiff to show cause why the State of Washington, the Department of Social and Health Services (DSHS) and the Special Commitment Center (SCC) should not be dismissed. The Court further orders Plaintiff to provide full names and addresses

sufficient for the Court to complete service upon the John/Jane Doe Defendants and the members of the two committees named in the Complaint.

**A.     Improper Defendants**

Plaintiff names as defendants the State of Washington, DSHS and the SCC. Dkt. 4 at 2. These entities cannot be sued in a § 1983 action.

42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. However, for purposes of § 1983, a state is not a "person" and cannot be sued for damages or for injunctive relief. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, DSHS and the SCC, which are arms of the state, are also not "persons" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).

Plaintiff shall show cause why these Defendants should not be dismissed from this case.

**B.     Defendants Who Cannot Be Served**

Plaintiff also names several "Jane Does" and "John Does" as defendants. Dkt. 4 at 3, 12, 13. The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names. Plaintiff must provide the names of Defendants identified as Jane/John Doe.

Finally, Plaintiff names as defendants the "SCC Cat-1 BMR Hearing Panel Members as Seated On December 19, 2019 Meeting" (Hearing Panel) and the "SCC Move Committee Panel As Seated Between November 24, 2019 to January 15, 2020" (Move Committee). Dkt. 4 at 13. These defendants are not capable of being served. Plaintiff must either name as defendants the

individual members of the committees or show cause why the committees should not be dismissed.

Plaintiff is directed to provide the complete names and addresses for Defendants Jane Doe #1 (Sheila), John Doe #2 (J. Fosmark), John Doe #3 (White) and John/Jane Doe #4 (Musa) and the individual members of the Hearing Panel and Move Committee he wishes to name as defendants. Further, Plaintiff shall also show cause why defendants Washington State, DSHS and SCC— and, to the extent that Plaintiff has not named their individual members, the Hearing Panel and Move Committee—should not be dismissed. Plaintiff shall respond by March 20, 2020. If Plaintiff does not respond by that date, the Court will recommend dismissal of these Defendants from this action.

Dated this 20th day of February, 2020.

David W. Christel
United States Magistrate Judge