UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN EDWARD BETTYS,

         Plaintiff,

    v.

JOHN HAMIL, et al.,

         Defendants.

CASE NO. 3:20-CV-5078-BHS-DWC

ORDER

Plaintiff John Edward Bettys proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Presently pending before the Court is Defendants' Partial Motion to Dismiss Amended Complaint (hereinafter the "Motion"). Dkt. 62. Also before the Court is Plaintiff's Response, which the Court construes as a Motion for Leave to Amend to file an Amended Complaint ("hereinafter Motion for Leave to Amend"). Dkt. 72.

**I.    BACKGROUND**

Plaintiff is currently housed at the Special Commitment Center ("SCC"). Dkt. 60. On February 20, 2020, after reviewing and screening Plaintiff's Original Complaint under 28 U.S.C. § 1915, the Court directed service upon the individually named Defendants. Dkt. 5. However, the

ORDER - 1

Court concluded several of the remaining Defendants were not proper Defendants in an action under 42 U.S.C. § 1983 and ordered Plaintiff to show cause why the State of Washington, the Department of Social and Health Services ("DSHS") and the Special Commitment Center ("SCC") should not be dismissed. Dkt. 10. The Court further ordered Plaintiff to provide the full names and addresses sufficient for the Court to complete service upon the John/Jane Doe Defendants and the members of the two committees named in the Original Complaint. *Id.*

On March 12, 2020, Plaintiff filed his Response. Dkt. 13. Plaintiff did not attach a proposed amended complaint to his Response; rather, Plaintiff requested several Defendants be substituted and attached documents he would like to add to his Original Complaint. *See* Dkt. 13-1. On April 20, 2020, Defendants filed the First Motion to Dismiss, requesting the Court dismiss the Original Complaint. Dkt. 45.

On May 8, 2020, the Court ordered Plaintiff to file an amended complaint to include the additional Defendants Plaintiff had identified in his Response. Dkt. 56. On June 8, 2020, Plaintiff filed the First Amended Complaint. Dkt. 60. In the 73-page First Amended Complaint, Plaintiff names thirty-one Defendants and raises thirty "counts" of alleged constitutional violations. Dkt. 60. The filing of the First Amended Complaint (hereinafter "the Complaint") rendered the First Motion to Dismiss as moot. Dkt. 61, 68.

On June 22, 2020, Defendants filed the second Motion. Dkt. 62. In the Motion, Defendants argue Plaintiff has failed to prepare a complaint which is a short and plain statement of his allegations. Dkt. 62. Defendants concede Plaintiff has alleged sufficient facts to support a claim related to food service but argue Plaintiff has failed to allege sufficient facts to support the remainder of his claims. *Id.* Defendants move for the dismissal of the Complaint with leave to amend the claims not dismissed with prejudice. *Id.* After an extension, Plaintiff filed his

Response to the Motion on September 28, 2020. Dkt. 72. On October 8, 2020, Defendants filed a Reply. Dkt. 73.

## II. DISCUSSION

Plaintiff's Complaint is 73-pages long; as noted, it names 31 Defendants. Dkt. 60. The Complaint is largely redundant and disorganized, Plaintiff's allegations can generally be identified as: (1) inadequate medical treatment based on a lack of accommodations for his disability; (2) failure to protect based on unsafe food and failing to provide medically necessary snacks; (3) retaliation after Plaintiff made a public records request; (4) inadequate treatment/challenges to conditions of confinement based on his inability to purchase video games and movies; and (5) inadequate sex offender treatment. Dkt. 60.

In his Response, Plaintiff concedes several Defendants should be dismissed from this matter and states he needs to add the State of Washington as a Defendant. *See* Dkt. 72. Plaintiff also appears to seek relief on new theories of liability. Dkt. 72. For example, Plaintiff attempts to change the nature of his claims to add two additional claims related to the adequacy of his treatment, arguing he has been denied a new therapist and he is only receiving one hour of treatment per week. Dkt. 72 at 24. Plaintiff also attempts to recharacterize a claim of inadequate treatment to a claim alleging violations of the Americans with Disabilities Act. *See* Dkt. 72 at 14-16, 24-25.

In the Reply, Defendants argue a response to a motion to dismiss is not the proper time to raise new claims. Dkt. 73 at 10. Defendants argue if Plaintiff wants to raise new claims, he must amend his complaint to include them, but some of the claims raised in the existing Complaint should be dismissed without leave to amend. *Id.*

The Court construes Plaintiff's Response as a Motion for Leave to File an Amended Complaint ("Motion for Leave to Amend") pursuant to Federal Rule of Civil Procedure 15. *See Gomez v. Cty. of Los Angeles,* 2009 WL 10699661, at *2 (C.D. Cal. Dec. 2, 2009*)* (construing a request for leave to amend contained within an opposition to a motion to dismiss as a motion to amend); *M.J. v. Clovis Unified School Dist.,* 2007 WL 1033444, *4 (E.D. Cal. April 3, 2007) ("[I]t is appropriate to construe Plaintiff's opposition to this second motion to dismiss as a motion for leave to amend his complaint."); *Sudduth v. Citimortgage, Inc.*, 79 F. Supp.3d 1193, 1199 (D. Colo. 2015) ("Plaintiffs cannot amend their complaint by adding factual allegations in response to Defendants ... motion to dismiss.") (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)).  The Court is particularly inclined to construe Plaintiff's filing in this manner given that the Court is required to construe the filings of a *pro se* party liberally. *See Thomas v. Ponder,* 611 F.3d 1144, 1150 (9th Cir. 2010) ("We construe liberally the filings and motions of a *pro se* inmate in a civil suit."); *Castro v. United States*, 540 U.S. 375, 382-83 (2003) (Courts may construct *pro se* filings in a way that "create[s] a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.").

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " *AmerisourceBergen Corp. v. Dialysis West, Inc.,* 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

The Court shall defer ruling on Plaintiff's Motion for Leave to Amend (Dkt. 72) to give the parties an opportunity to respond. Defendants' response to Plaintiff's Motion for Leave to Amend is due on or before November 6, 2020. Should Defendants wish to consent to Plaintiff's amendment, they shall file a Notice of Consent on or before November 6, 2020, clearly indicating their consent to Plaintiff's amendment to the Complaint under Rule 15(a). Plaintiff's reply, if any, is due on or before November 13, 2020.

The Clerk is directed to renote Defendants' Motion (Dkt. 62) and Plaintiff's Motion for Leave to Amend (Dkt. 72) for November 13, 2020.

Dated this 15th day of October, 2020.

David W. Christel
United States Magistrate Judge