UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN EDWARD BETTYS,

          Plaintiff,

   v.

JOHN HAMIL, et al.,

          Defendants.

CASE NO. 3:20-CV-5078-BHS-DWC

ORDER

Plaintiff John Edward Bettys proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Presently pending before the Court is Defendants' Partial Motion to Dismiss Amended Complaint (hereinafter the "Motion to Dismiss"). Dkt. 62. Also before the Court is Plaintiff's Response, which the Court construed as a Motion for Leave to Amend to file an Amended Complaint ("hereinafter Motion for Leave to Amend"). Dkt. 72, 74.

On June 22, 2020, Defendants filed the second Motion to Dismiss. Dkt. 62. In the Motion to Dismiss, Defendants concede Plaintiff has alleged sufficient facts to support a claim related to food service but argue Plaintiff has failed to allege sufficient facts to support the remainder of his

ORDER - 1

1  claims. *Id.* Defendants move for the dismissal of the Amended Complaint with leave to amend
2  the claims not dismissed with prejudice. *Id.*

3  After an extension, Plaintiff filed his Response to the Motion to Dismiss on September
4  28, 2020. Dkt. 72. On October 8, 2020, Defendants filed a Reply. Dkt. 73. On October 15, 2020,
5  the Court construed Plaintiff's Response as a Motion for Leave to Amend pursuant to Federal
6  Rule of Civil Procedure 15. *See* Dkt. 74 (citing *Gomez v. Cty. of Los Angeles,* 2009 WL
7  10699661, at *2 (C.D. Cal. Dec. 2, 2009*)* (construing a request for leave to amend contained
8  within an opposition to a motion to dismiss as a motion to amend)).

9  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
10 pleading once as a matter of course at any time before a responsive pleading is served.
11 Otherwise, a party may amend only by leave of the court or by written consent of the adverse
12 party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a)
13 is very liberal and leave to amend 'shall be freely given when justice so requires.' "
14 *AmerisourceBergen Corp. v. Dialysis West, Inc.,* 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting
15 Fed. R. Civ. P. 15(a)).

16 On November 5, 2020, Defendants filed a Response, stating they do not object to the
17 Court granting Plaintiff leave to amend his Amended Complaint. Dkt. 75. Therefore, the Court
18 grants Plaintiff's Motion for Leave to Amend (Dkt. 72). Plaintiff may file a second amended
19 complaint including all new claims and defendants he wishes to add which are related to his
20 Amended Complaint on or before January 1, 2021.

21 Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain
22 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each
23 allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Here, Plaintiff filed a 73-
24

page Amended Complaint. Dkt. 60. Plaintiff names thirty-one Defendants and alleges thirty separate "counts." *See id.* Plaintiff did not file a short and plain statement of a claim. These counts are repetitive and it is difficult to discern the separate claims which match the alleged facts and circumstances. *See id.*

Because "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file a second amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

Plaintiff is directed to file the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Amended Complaint by reference. The second amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Within the second amended complaint, Plaintiff must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

In the second amended complaint, Plaintiff shall include the relief sought, the defendants Plaintiff seeks to hold liable and the theory of liability within the heading of each count so each

count is not presented as a separate list. Plaintiff shall clearly organize any theories he wishes to assert under distinct headings which identify the basis for the claim and the specific defendants he believes are liable for each claim. Plaintiff should also carefully review the arguments presented in Defendants' Motion to Dismiss and file the second amended complaint accordingly. *See* Dkt. 60.

In sum, Plaintiff should seek to shorten the length of his Amended Complaint, make his allegations simple and brief, and clearly organize his claims. The second amended complaint shall not exceed twenty (20) pages absent leave of Court and upon a showing of good cause. Plaintiff is instructed to file only the second amended complaint; he shall not file any attachments to his second amended complaint. Plaintiff must file his second amended complaint by no later than January 1, 2021.

The Clerk is directed to renote Defendants' Motion (Dkt. 62) for January 1, 2021  If Plaintiff fails to file a second amended complaint by January 1, 2021, the Court will proceed on Plaintiff's Amended Complaint (Dkt. 60).

Dated this 18th day of November, 2020.

David W. Christel
United States Magistrate Judge