```
               FILED            LODGED
                         RECEIVED
                 FEB 04 2021
              CLERK U.S. DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON AT TACOMA
        BY                                DEPUTY
```

The Honorable RONALD B. LEIGHTON
U.S. Magistrate Judge DAVID W. CHRISTEL

## UNTIED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| JOHN EDWARD BETTYS,<br><br>                Petitioner,<br><br>v,<br><br>JOHN HAMILL, et al.,<br><br>                Respondent, | NO. 3:20-cv-05078-RBL-DWC<br><br>PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (Fed. R. Civ. P. 12(b)(6))<br>(Dkt. No. 77)<br><br>**CALENDAR: February 12, 2021** |

## I. INTRODUCTION

John E. Bettys, Plaintiff, pro se, brought an second amended complaint, while committed civilly at the mental health hospital under Wash. Rev. Code Ch. 71.09. The complaint also invokes Court's authority pursuant to 42 U.S.C.A. §12101; 42 U.S.C.A. §12103; 42 U.S.C.A. §12183 under Title II and Title III of the Americans with Disabilities Act of 1990 federal statutes (herein after the "ADA" and/or 29 U.S.C.A. 701 et. Seq of the Rehabilitation Act of 1973 federal statutes (herein after the "RA"). Plaintiff brought the second amended complaint in good faith showing 30 enumerated claims listing how each Defendant acted with prior knowledge in violation of Bettys' established federal and/or state Constitutional rights during his civil confinement for deviancy treatment.

PLAINTIFF'S RESPONSE TO                1                John Bettys, pro se
THE DEFENDANT'S MOTION                                  Special Commitment Center
DISMISS SECOND AMENDED                                P.O. Box 88600
COMPLAINT                                                                              Steilacoom, WA 98388

The Defendants each have requisite knowledge or understanding of Bettys required special considerations, accommodations, modifications, for his custody and care in the form of ADA compliant housing, ADA compliant toilets, ADA compliant showers, ADA compliant doors, ADA compliant hand rails, ADA compliant seating which all is federally required provided under the federal ADA statutes since Bettys arrived at the mental hospital back in 2015. In fact, the State of Washington through its agencies and employees did in past years placed ADA compliant accommodation equipment into (1) Program Area 3 living unit; (2) recreation center; multi-purpose building and (3) visitation room to ensure Bettys could legally toilet himself; shower himself; enter and leave by himself; and seat himself; attend education classes; and attend treatment groups properly in those areas of the facility.

On November 24, 2019, while knowing Bettys required the specific ADA and RA accommodations under the federal statutes to avoid discrimination against Bettys in his daily life in the mental health hospital Bettys was subjected to non-compliant housing on the Program Area-1 living unit, which discriminated against Bettys by removing his ability to shower himself; toilet himself; move about without staff assistance in opening doors; or take his wheelchair into his assigned room in Program Area-1 in violation of the ADA and/or RA statutory requirements, as to treat Bettys differently by making him walk across compound to shower or toilet himself when no other resident within the entire facility is being required to do so because all other residents are provided proper showers and toilets to meet their needs on their living unit is clearly discrimination against Bettys. The Plaintiff is a civil confined person with all his United States Constitutional rights remaining intact, not allowed to be subjected to any forms of punishment of any type and for any reason during his present civil mental health confinement. *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). The 2019 Behavioral Management Report(BMR) being issued immediately imposed punishment against Bettys by moving him to non-ADA and/or non-RA compliant housing without even the required minimal due process protections of a

PLAINTIFF'S RESPONSE TO
THE DEFENDANT'S MOTION
DISMISS SECOND AMENDED
COMPLAINT

2

John Bettys, pro se
Special Commitment Center
P.O. Box 88600
Steilacoom, WA 98388

institutional disciplinary hearing held to establish Bettys guilty of some rule violation, which clearly violates every aspect of the *Youngberg* and *Blanas* standards outright, as no punishments of any type may be imposed during Bettys' present civil confinement, yet Bettys lost his institutional level almost a year to date, lost his treatment phase for almost a year to date and lost his ADA compliant housing assignment before the punitive BMR was later dismissed against Bettys finding he did nothing wrong, which establishes a clear punitive nature to each of those losses/removals, without basis for such actions by the State of Washington's employees.

The Defendants are all employed by the Department of Social and Health Services(DSHS), the agency entrusted with daily operation of the civil mental health hospital commonly named the Special Commitment Center (SCC). The defendants have moved the Court under Fed. R. Civ. P. 12(b)(6) to dismiss some of the stated claims against themselves for various reasons. The Defendant's motion must now be denied entirely.

## II. LEGAL STANDARDS

### A.   Fed. R. Civ. P. 12(b)(6)

A motion made pursuant to Fed. R. Civ. P. 12(b)(6) should be granted only if the Plaintiff "fail[s] to state a claim upon which relief may be granted." See *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation and quotes omitted). The "dismissal is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." See *Zixiang Li v Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain sufficient factual matter, when accepted as completely true in the light most favorable to a non-moving party, states a claim to relief that is plausible on its face. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 678. The Courts shall

PLAINTIFF'S RESPONSE TO
THE DEFENDANT'S MOTION
DISMISS SECOND AMENDED
COMPLAINT

3

John Bettys, pro se
Special Commitment Center
P.O. Box 88600
Steilacoom, WA 98388

construe all pro se pleadings liberally under a Fed. R. Civ. P. 12(b)(6) motion to dismiss. See *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct 594 (1972).

**B.     Americans With Disabilities Act**

The ADA and/or RA claims fall squarely within the four corners of there own portion of federal statutory law, separated from any standard §1983 requirements and/or settled limitations. The ADA and/or RA standards allow for claims filed in the "official capacity" to proceed against state agents for monetary damages against the state agents as arms of the state when proven the acts are deliberate ADA and/or RA violations. "Title II of the ADA statutes authorize suits by private citizens for money damages against public entities," *United States v. Georgia*, 546 U.S. 151, 153, 163 L.Ed.2d 650 (2006), and state "prisons fall squarely within the statutory definition of 'public entity,'" *Pennsylvania Dept. of Corr. v. Yeskey*, 534 U.S. 206, 141 L.Ed.2d 215 (1998). The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of a toilet, and bathing facilities, and elementary mobility and communication, the ADA requires these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1062 (9th Cir. 2010), see also *Pierce*, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks and showers and other fixtures in the housing areas and common spaces assigned to mobility and dexterity-impaired detainees.") The law is settled with regards to provision of ADA and RA accommodations.

**III.     RESPONSE TO ARGUMENTS**

**A.     Adequacy of Specific Claims Raised by Mr. Bettys**

**1.     Mr. Bettys failed to state a claim of inadequate treatment during the time he resided on Program Area One**

The Defendant's motion to dismiss in part attempts to confuse both Bettys and the Court by convoluted combining of two distinctly different causes of action standards of review into three single arguments of Mr. Bettys' claims. Therefore, Bettys shall attempt to

PLAINTIFF'S RESPONSE TO                    4                    John Bettys, pro se
THE DEFENDANT'S MOTION                                Special Commitment Center
DISMISS SECOND AMENDED                            P.O. Box 88600
COMPLAINT                                                              Steilacoom, WA 98388

separate the responses into two separate legal categories for Courts consideration, which are (a) the arguments on ADA and RA claims and (b) arguments under the §1983 standards.

### (a) Arguments Under the ADA and/or RA Cause of Action Standards Regarding Bettys' Housing on Program Area One

The highest Court of our land has determined any ADA and/or RA cause of action raised in a lawsuit by a person confined is independent of all §1983 standards when brought under the federal ADA and/or RA statutes, wherefore, the State of Washington Agency becomes the real party in any ADA and/or RA cause of action, without having any normal benefits of a state's grant of sovereign immunity from such lawsuits, when it said "[I]n so far as Title II [of the ADA] creates a private cause of action for damages against the states for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity.". *United States v. Georga*, 546 U.S. 151, 159, 126 S.Ct. 877 (2006). The highest Court in the United States fully considered and decided the standards of review when lawsuits are brought under the ADA and/or RA causes of action by persons who are currently confined for punishment by the various states, when it decided "However, the eleventh amendment does not bar ADA suits against state officials in their official capacities for injunctive relief and damages." *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 792-93 (9th Cir. 2004) "To recover money damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001)." . Therefore, the Defendants motion to dismiss improperly attempts to elevate the requirements Bettys must meet in his initial pleading of claims under the ADA and/or RA causes of action standards, whereby Bettys need not prove any acts were the acts done deliberately or any element of deliberate discrimination to the acts, he need only make a basic prima facia showing of some discrimination happened, intentional or not intentionally to obtain the non-monetary relief in the form of an injunction and/or declaratory judgment damages in the present case protecting him from any present or future similar violations of his rights during his continued civil confinement for mental health treatment. In fact, Bettys as a civil confined person is entitled to enjoy "More considerate conditions of confinement than his criminal confined counterparts" that are addressed in the many prison

related ADA and/or RA cause of action cases. see *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). Prisoners are actually required provided "accessible bathrooms, sinks, showers and other fixtures in the housing areas and common areas assigned to mobility and dexterity impaired detainees" as part of the basic fundamentals of life. Pierce, 526 F.3d at 1220(finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining "inaccessible bathrooms, sinks, showers and other fixtures in the housing areas and common areas assigned to mobility and dexterity impaired detainees.") The Plaintiff Bettys, as a civil detained person is entitled to "more considerate treatment and conditions of confinement than his criminal counter parts" are given access to under the ADA and/or RA statutes.

The Defendants in their motion to dismiss regarding the medical staff members over looked the facts pleaded in the claims that show a clear act of discrimination to place Bettys who is able bodied when a proper ADA and/or RA required accommodation is provided in a position where he'd even require anyone's assistance in wiping his bottom, including a nurse's assistance or any assistance in showering; or moving about, as when he is housed on Program Area Three with the proper ADA and/or RA accommodations in place Bettys is fully capable of toileting; showering; and moving himself about without anyone assistance on a daily basis, which is not even addressed in the motion to dismiss by the moving parties. The acts of actually denying Bettys reasonable necessary care by any staff member, including the multiple nurses whom each did refuse to assist Bettys in meet is toileting; his showering needs or his mobility needs while on Program Area One is another individual act of discrimination under the ADA and/or RA statutes which at all times requires "reasonable accommodations" provided to the disabled person, which includes a reasonable request for someone to actually wipe the disabled person's bottom after toileting when the disabled person is unable to reach himself to wipe his own bottom. No peer of Bettys' who is housed in civil confinement at the SCC was placed into a position in their housing unit where they could not wipe their own bottoms, was refuse assistance by the medical staff told to assist them, only Bettys faced this type of egregious conduct and discrimination by the employees of State of Washington hired to provide care for Bettys during his civil confinement. The

PLAINTIFF'S RESPONSE TO
THE DEFENDANT'S MOTION
DISMISS SECOND AMENDED
COMPLAINT

6

John Bettys, pro se
Special Commitment Center
P.O. Box 88600
Steilacoom, WA 98388

Defendants ask the Court ignore Bettys claim pleading the nurses refused to assist Bettys, as they attempt to claim Bettys was actually assisted in toileting by all those nurses when he requested assistance which is not true they each refused to assist Bettys. In the Defendants motion to dismiss the Defendants agree Bettys stated a claim of discrimination for depriving Bettys seating in the Program Area Three dayroom, yet Defendants go on to argue Bettys failed to state a sufficient claim of discrimination for failing to provide Bettys seating in the bathroom area of Program Area One living unit in the form of a proper ADA and/or RA compliant toilet meeting Bettys specific disability needs, which is similar to the toilets his peers have available on the living unit for their use. The defendants ask the Court here to overlook the discrimination created in removing Bettys from the Program Area Three living unit that had the proper ADA and/or RA toilets/showers installed to meet Bettys' known disabilities, the discrimination in having to bare his genitals to other adult male and female staff members during civil confinement to seek assistance in wiping his bottom, which only occurred due to Bettys being deprived a proper toilet like he had in Program Area Three.

In the light most favorable to Bettys as the non-moving party this Court can clearly see the required discrimination stated in each claim raised by Bettys to meet a prima facia showing under the ADA and/or RA cause of actions standards as clearly established by the highest Court in our land previously to warrant denial of the Defendant's motion to dismiss on the basis of sufficient claims that a jury could rule in Bettys favor upon. Bettys need not plead or prove the act is deliberate, or with any ill intent on the part of the Defendants, nor must Bettys prove the act was not based in professional judgment under the ADA and/or RA cause of action standards for a lawsuit seeking only prospective injunctive relief and/or declaratory judgment relief. If the jury during trial determines Bettys does prove to their satisfaction the conduct to be deliberate discrimination then the Court might choose to issue some type of monetary damages the Court deems justified, even though Bettys is seeking no monetary damages directly in his present lawsuit for himself, he clearly seeks only the injunctive and declaratory relief that is automatically available when an ADA and/or RA violation has occurred to ensure no further violations occur by the Defendant's choice to house him in a building without proper modifications under Title III of the ADA.

**PLAINTIFF'S RESPONSE TO
THE DEFENDANT'S MOTION
DISMISS SECOND AMENDED
COMPLAINT**

7

**John Bettys, pro se**
Special Commitment Center
P.O. Box 88600
Steilacoom, WA 98388

### (b) Arguments Under §1983 Causes of Action Standards Regarding Bettys' Housing on Program Area One

Since the Defendants clearly attempt to confuse the Court with use of convoluted pleadings addressing multiple distinctly different standards of review, Bettys shall touch on a basis for denying the Defendants motion to dismiss under §1983 cause of actions standards for the Court's benefit.

The §1983 cause of actions standards ensure the Defendants will never punish anyone confined civilly to obtain mere mental health treatment. *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). The fact that Bettys criminal punishment sentence was completed before being committed to Defendant's civil facility removed Defendants authority and/or lawful ability to ever punish Bettys. The deprivation of access to Bettys' multiple reasonable ADA accommodations as a form of punishment of Bettys for obtaining a Behavioral Management Report (herein after "BMR") is an outright illegal act performed by the Defendants involved in violation of civil confinement protocols settled in both *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), which contravened the long settled legal guideline on civil detainees being punished. These act border on actual criminal conduct by these Defendants when performed against a disabled person, whom without the reasonable accommodations cannot function properly by himself in day to day life. The Defendants seem to claim such criminal conduct and/or direct violations of the federal ADA and/or RA statutes is allowed from themselves against civil confined persons so long as they acted under a guise of exercising some form of professional judgment. The highest Court of the land did say that with regards to what course of mental health and sexual offender treatment is required to be provided civil confined persons to restore them for release the exercise of professional judgment is all that is required in the creation of such treatment. *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982).

The highest Court did not create in the individual state's agents the power to circumvent any of the established federal statutes, guideline and/or constitutional protections afforded to every civil confined person in either federal or state custody for mental health treatment under a guise of "professional judgment," which is what these Defendants have ask this Court today to find in their current motion to dismiss. The holdings of the highest courts

have held that giving ten hours of mental health treatment per week under an exercise of "professional judgment" might not be sufficient mental health treatment to restore a person for release. *Kansas v. Hendricks,* 541 U.S. 346 (1997). Even in *Youngberg* itself the federal Court said the civil confined person is entitled to "more considerate treatment and conditions of confinement" than their criminal counterparts. *Youngberg v. Romeo,* 457 U.S. 307, 322 (1982); *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir. 2004). How was Bettys given more considerate treatment in removing his established ADA accommodation, subjecting him to multiple levels of discrimination, humiliation, debasement and degradation to the point someone on facility staff had to wipe is bottom for him, which was only necessary because these Defendants deprived him of the federally required ADA accommodations that allowed Bettys to wipe his own bottom daily, allowed Bettys to shower daily, allowed Bettys to enter and leave buildings without requiring the extra assistance of staff.

The Defendant's claim of some exercise of "professional judgment" are not relevant in ADA and/or RA actions according to the highest Court in our land's current holdings, as professionals exercising judgment cannot supersede federal statutes or Constitutional protections afforded disabled persons. The federal statutes, codes and Constitution itself would be shallow documents if they could be circumvented by a professional's exercise of alleged judgment as this would allow a professional to ignore federal laws designed to protect those disadvantage persons like Bettys from discrimination, injury and likely death at the hands of professionals claiming to have exercised their judgment. This put another way is simply no professional exercising their "professional judgment" could be allowed to circumvent the established federal requirements found within both Title-II and Title-III of the ADA act and/or the federal statues of the RA act requiring Bettys provided with both reasonable accommodations and physical building modifications as a disabled person.

The Defendants have for too long relied on a false belief "professional judgment" allows any type of conduct they wish to portray on the civil confined persons held within their custody and care, without concern for established federal statutes and/or Constitutional rights of those confined, holding that the states grant of sovereign immunity shall always in every circumstance protect each state from every cause of action raised, except under the

PLAINTIFF'S RESPONSE TO
THE DEFENDANT'S MOTION
DISMISS SECOND AMENDED
COMPLAINT

9

John Bettys, pro se
Special Commitment Center
P.O. Box 88600
Steilacoom, WA 98388

ADA and/or RA causes of actions lawsuits the highest Court in our country has settled and determined that no state has such sovereign immunity protections in discrimination claims brought under the ADA and/or RA statutes. *United State v. Georgia*, 546 U.S. 151, 153 (2006). The motion to dismiss must be denied regarding exercise of "professional judgment," as even when professionals exercise judgments they cannot circumvent established federal ADA and/or RA statues or the many Constitutional protections for disabled persons as seen attempted or done in the present lawsuit. The motion to dismiss must be denied regarding conditions in program Area One.

### 2. Mr. Bettys failed to state a claim of discrimination for being moved to Program Area One

The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of a toilet, and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to the disabled inmates "to the same extent that they are provided to all other detainees and prisoners." *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1068 (9th Cir. 2010); *Pierce v. County of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008)(finding ADA violation where defendant failed to articulate "any rationale for maintaining inaccessible bathrooms, sinks, showers and other fixtures in the housing area and common spaces assigned to mobility and dexterity impaired detainees.")

The Defendants are attempting to elevate the legal requirement for a statement of a claim beyond that which is required in the ADA and/or RA independent causes of actions by requiring Bettys prove deliberate discrimination to state a claim under the ADA and/or RA cause of action standards. "However, Eleventh Amendment does not bar ADA suits in federal court against state officials in their official capacities for injunctive relief and damages." *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 792-93 (9th Cir. 2004). The Ninth Circuit Court already determined that Bettys need only show intentional discrimination when he is requesting to obtain monetary damages in his lawsuit. Herein, the present lawsuit Bettys is seeking only injunctive and/or declaratory damage relief in the present lawsuit regarding discrimination he faced under the ADA and/or RA cause of action standards that is the

proximate caused of Bettys' multiple physical injuries, therefore Bettys need not prove intentional discrimination or deliberate indifference to state a claim under the ADA and/or RA cause of action for an injunction to issue. The holding that "compensatory damages are available under the ADA where the failure to accommodate is the result of deliberate indifference." *Lovell v. Chandler,* 303 F.3d 1039, 1056 (9th Cir. 2002)(citing *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138 (9th Cir. 2001) is not relevant to Bettys' claims where he is presently seeking no monetary damages against the Defendants.

    The Defendants, multiple times in their motion to dismiss erroneously address only Bettys' "obesity" condition as his disability to the Court to which Bettys now must properly object as such error by the Defendants must not be allowed to persist when the Defendants know from Bettys second amended complaint that Bettys is walking on a non-union broken foot in pain each day, having trouble moving about and breathing from a prolapsed aortic valve in his heart, has a massive heart murmur, has degenerative disc issues in his lower back; has failing knees, is suffering from diabetic sores on his legs and feet, needs his gallbladder removed due to multiple gull-stones; has asama requiring daily breathing machine treatments, has mild COPD from years of smoking, with arthritis in his joints, has failing eye sight; degenerative jaw bones, multiple rashes under his fat rolls weekly, and has fell down numerous times over the last six months all in conjunction with the obese size of 6'4" at 425 pound. Bettys uses a walker and/or wheelchair daily for more than five years at the facility to traverse the grounds, while being refused provision of a hired wheelchair pusher provided to other residents by the Defendants when requested by Bettys merely due to Bettys humongous size. The Defendants attempt to minimize Bettys condition to minimize the accommodations and/or modifications they must provide to Bettys at the facility, like the customized bed with extra support legs after Bettys went through a living unit floor.

    The higher Courts have established with regard to ADA and/or RA claims raised by prisoner they are properly brought under both Title II and Title III as both titles are a part of a complete federal statutory scheme requiring "public entities" and/or "private entities" provide accommodations and/or modifications necessary to allow disable person the same access to services, programs or activities as all non-disabled persons. To the extent the

PLAINTIFF'S RESPONSE TO
THE DEFENDANT'S MOTION
DISMISS SECOND AMENDED
COMPLAINT

11

John Bettys, pro se
Special Commitment Center
P.O. Box 88600
Steilacoom, WA 98388

Defendants request the Court dismiss claims brought under provisions of Title III the highest Court of our land already addressed this matter finding the modification provisions under Title III apply to "public entities" the same as private entities. The "construction" provision of Title III of the ADA "specifies that the meaning of discrimination includes failure by 'public entities' described in the general rule to (a) make reasonable modifications; (b) provide auxiliary aids and services; and (c) remove barriers consistent with certain requirements....." *Armstrong v. Schwarzenegger,* 662 F.3d 1058, 1063 (9th Cir. 2010). The Defendants appear aware of the wording of Title III as in their motion to dismiss they are asking this Court specifically dismiss all claims brought in conjunction with Title III of the ADA act, wherefore Title III contains specifically the definition of discrimination committed by these Defendants.

The Defendants wrongfully claim that Bettys does not allege in his second amended complaint he was denied services or faced any specific discrimination, yet this is exactly what Bettys does clearly allege when he addressed the nurses refusing to wipe his bottom after going to the bathroom, doctor failing to provide necessary equipment for his disabilities, hosing in non-compliant room. Bettys does make several other references to being denied access to a toilet when staff were not available to walk him across the compound to a building having a proper toilet, when staff were having sex in the toilet he was supposed to use in the middle of the night as he waited till the staff dressed to leave the bathroom, when staff were performing formal counts and/or when staff merely refused multiple times to walk Bettys off the living unit to a toilet, when staff refused Bettys' multiple request to shower sometimes for days, which are found throughout Bettys claims stated in the second amended complaint. The evidence will show the jury that for several weeks Bettys was not allowed to shower due to no one arranging his use of Program Area Three showers for weeks after his move, that memorandums only gave Bettys unrestricted access to a toilet the week prior to his being moved back to Program Area Three on January 20, 2020, in contradiction to the Defendants claims in their motion to dismiss. The Court directed Bettys not to attach evidence to his second amended complaint that is available on the matters. The Defendants over the months Bettys is housed on Program Area One did make some accommodations that

PLAINTIFF'S RESPONSE TO
THE DEFENDANT'S MOTION
DISMISS SECOND AMENDED
COMPLAINT

12

John Bettys, pro se
Special Commitment Center
P.O. Box 88600
Steilacoom, WA 98388

were federally required to be in place the day Bettys was moved to the non-compliant housing area, in an attempt to avoid liability in this lawsuit, yet the multiple acts of discrimination and multiple injuries that Bettys actually suffered were unaffected by those minimal accommodations, whereby the very accommodation is many times the thing itself that did create Bettys actual injuries, like those sustained by making Bettys walk to Program Area Three on his knowingly broken foot in the ice and snow to shower causing the multiple slip and fall injuries of Bettys. The Defendants knew before moving Bettys to Program Area One he required many of these ADA accommodations before without staff ensuring they were in place before hand to meet Bettys ADA disability needs, which itself is the evil intentional discrimination prohibited by the ADA and /or RA statutes. Bettys is not seeking any monetary damages from the Defendants that he should presently be seeking as he only desires to obtain the injunction tailored to stop all future discrimination from being committed by the Defendants at present, as then if they again discriminate against Bettys the multiple damages shall be issue immediately protecting Bettys. These violations occurred the moment Bettys was denied what the Defendants knew before hand was required to house Bettys within their facility, as they made multiple accommodations on Program Area Three for Bettys over the prior four years as the needs arose, in addition to installing an ADA type toilet in the gym and the visitation center both for Bettys use during accessing those areas, while additionally agreeing to the installation of such an ADA toilet at the facility boat dock house for off-island medical trips as being required for Bettys use. "Injunctive relief against a state agency or official must be no broader than necessary to remedy the Constitutional violation." The Motion to dismiss herein must be denied on this issue entirely, as in the light most favorable to Bettys he has stated a claim where relief in the form of an injunction can issue.

### 3. Mr. Bettys adequately stated a prima facia claim of failure to protect related to food service

Defendant's voluntary concession to Bettys' having stated a claim is excepted.

### 4. Mr. Bettys adequately stated a prima facia claim of discrimination for being denied access to seating

Defendant's voluntary concession to Bettys' having stated a claim is excepted.

PLAINTIFF'S RESPONSE TO
THE DEFENDANT'S MOTION
DISMISS SECOND AMENDED
COMPLAINT

13

John Bettys, pro se
Special Commitment Center
P.O. Box 88600
Steilacoom, WA 98388

### 5. Mr. Bettys has improperly Named the State of Washington as a Defendant

Ordinarily, a plaintiff is not entitled to damages against defendants in their official capacities. *Aholelei v. Department of Public Safety,* 488 F.3d 1144, 1147 (9th Cir. 2007)("the Eleventh Amendment bars suit for money damages in federal court against a state or its agencies and state officials in their official capacities.") "[I]n so far as Title II [of the ADA] creates a private cause of action for damages against the states for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates the sovereign immunity." *United State v. Georga,* 546 U.S. 151, 159, 126 S.Ct. 877 (2006). "Proper defendant in an ADA action is the public entity responsible for the alleged discrimination." *Georga* 546 U.S at 153. States are public entities within the meaning of the ADA. Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The fact is a "state official sued in his or her official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action." *MirandaB. v. Kitzhaber,* 328 F.3d 1181, 1187-88 (9th Cir. 2003); *Kentucky v. Graham,* 437 U.S. 159, 165, 105 S.Ct. 3099 (1985). `Since this is not a §1983 action and the Eleventh Amendment sovereign immunity of the State of Washington is abrogated under the ADA then the State of Washington is a proper Defendant to this action. The Defendants motion to dismiss must be denied on this point, otherwise amendment to include the Department of Social and Health Services-Special Commitment Center is required as they must be the responsible public entity instead of the State of Washington to which they belong as an agency.

### IV.   CONCLUSION

The Defendant motion to dismiss must be denied in its entirety for the reasons stated herein above.

DATED This 27th day of January, 2021.

Respectfully Submitted,

John E. Bettys
John Bettys, Plaintiff, pro se

# CERTIFICATE OF SERVICE

Plaintiff, John E. Bettys, hereby certifies that on this 28nd day of January, 2021, a true and correct copy of the following documents are mailed postage prepaid:

- ➢ Declaration of Service
- ➢ Plaintiff's Response to Defendant's Motion to Dismiss at Calendared February 12, 2021

Addressed to the following:

United States District Court
Attn: Hon. Court Clerk
1717 Pacific Ave., Room 3100
Tacoma, WA 98402



Craig B. Mingay, WSBA# 45106
Amanda Smitley, WSBA# 57420
Office of the Attorney General
7141 Clearwater Drive SW
P.O. Box 40124
Olympia, WA 98504-0124

Respectfully Submitted,

John E. Bettys, plaintiff, pro se
Special Commitment Center(SCC)
P.O. Box 88600
Steilacoom, WA 98388

Certificate of Service              Page 1 of 1

John Bettys, Pro Se
P.O. Box 88600
Steilacoom, WA 98388

TACOMA PIERCE WA 983
TUE 02 FEB 2021 PM

United States District Court
Attn: Hon. Court Clerk
1717 Pacific Ave., Room 3100
Tacoma, WA 98402

FILED ___ LODGED
___ RECEIVED
FEB 04 2021
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY





U.S. POSTAGE >> PITNEY BOWES
ZIP 98388 $ 001.60⁰
02 4W
0000367520 JAN 29 2021