1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN EDWARD BETTYS,

          Plaintiff,

   v.

JOHN HAMIL, et al.,

          Defendant.

CASE NO. 3:20-CV-5078-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: May 7, 2021

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff John Edward Bettys, a civilly committed detainee at the Special Commitment Center ("SCC") proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act and the Rehabilitation Act. Dkts. 1, 5. Currently pending before the Court is defendants' motion for partial dismissal of plaintiff's second amended complaint. Dkt. 80. For the reasons discussed below, the Court recommends the motion be granted in part and denied in part.

I.      **Background**

A.      *Procedural History*

Plaintiff initiated this matter on January 29, 2020. Dkt. 1. The Court directed service of the complaint on February 20, 2020, but separately noted several defects with respect to some of the named defendants. Dkts. 8, 10. The Court ordered plaintiff to file an amended complaint (Dkt. 56) and plaintiff complied on June 8, 2020. Dkt. 60. This rendered defendants' then-pending motion to dismiss moot (Dkts. 45, 61). Defendants filed a new motion to dismiss the amended complaint on June 22, 2020 (Dkt. 62) and plaintiff sought and was given leave to amend (Dkts. 72, 76). Plaintiff filed his second amended complaint—the operative complaint in this case—on January 4, 2021. Dkt. 77. On January 19, 2021, defendants filed a motion to dismiss several claims in the second amended complaint, together with a Rand notice. Dkts. 80, 81. Plaintiff has responded (Dkt. 83) and defendants have replied. Dkt. 84.

B.      *Plaintiff's Second Amended Complaint*

Plaintiff's second amended complaint asserts claims against 14 individual defendants and the State of Washington under the Fourteenth Amendment, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") and the Rehabilitation Act 29 U.S.C. § 701 *et seq*. ("RA"). Specifically, plaintiff first claims defendants John Hamil (SCC medical doctor), Dary Philbrick (SCC medical doctor), Brian Rizzieri (SCC Nurse), Sheila Straton (SCC Nurse), Susan Cronkhite (SCC Nurse), Penny Hays (SCC Nurse), Al Nerio (Resident Program Director), Ta'shekia Jacobs (Residential Rehabilitation Counselor) and Mark McFarlane (ADA Coordinator) violated plaintiff's Fourteenth Amendment, ADA and RA rights by depriving him of ADA-compliant living facilities when he was moved to a different living area (Program Area One), and/or failed to provide assistance required by plaintiff in the absence of such facilities.

Dkt. 77 at 2–9. Second, plaintiff claims defendants Taunus Newton (Residential Rehabilitation Counselor), Julie Lovlin (Resident Program Director) and Shawn Greenwood (Residential Program Director) violated plaintiff's Fourteenth Amendment, ADA and RA rights by depriving him of ADA-compliant dayroom seating after he was moved back to Program Area Three. Dkt. 77 at 9–12. Third, plaintiff alleges defendant Harvey Gilchrist (Food Services Manager) violated plaintiff's Fourteenth Amendment rights by using unsafe food handling and storage methods for meals and snacks and defendant Nicollette Knight (Resident Rehabilitation Counselor) deprived plaintiff of medically necessary diabetic snacks. Dkt. 77 at 12–16. Finally, plaintiff alleges defendant Washington State violated the ADA and RA by failing to provide ADA-compliant living facilities. Dkt. 77 at 16–17.

## II.    Standard of Review

### A. *Rule 12 Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has alleged "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

1    When considering a Rule 12(b)(6) motion, the Court accepts all facts alleged in the

2   complaint as true, and liberally construes a *pro se* complaint in the light most favorable to the

3   plaintiff. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *Erickson*

4   *v. Pardus*, 551 U.S. 89, 93 (2007) (*pro se* plaintiffs are held to less stringent pleading standards

5   than represented plaintiffs). The Court is not, however, bound to accept as true labels,

6   conclusions, formulaic recitations of the elements, or legal conclusions couched as factual

7   allegations. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action,

8   supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While the

9   Court is to construe a complaint liberally, such construction "may not supply essential elements

10   of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992).

11    Ordinarily, a prisoner should be granted leave to amend to address the deficiencies in his

12   complaint. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds*

13   *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). However, "district courts are

14   only required to grant leave to amend if a complaint can possibly be saved"; leave to amend is

15   not required "if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

16   2000). Moreover, the Court need not grant endless amendments. *Foman v. Davis* 371 U.S. 178,

17   182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by

18   amendments previously allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir.

19   2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in

20   deciding subsequent motions to amend is particularly broad." (citation and internal quotation

21   marks omitted)).

22

23

24

1    **III.    Discussion**

2        Defendants argue plaintiff has failed to allege facts sufficient to support his claims for

3    inadequate medical care and violation of the ADA and RA when he was transferred to Program

4    Area One. Dkt. 80 at 5–10. They also argue that, to the extent plaintiff is bringing a Section 1983

5    claim against it, the State of Washington is not a proper defendant. *Id*. at 11.

6        Defendants concede plaintiff has adequately pled his claims for alleged violation of his

7    rights to ADA-compliant seating in Program Area Three and to proper food handling and storage

8    and diabetic snack availability. Dkt. 80 at 10–11. Defendants do not seek dismissal of those

9    claims. *Id*.

10        A.  *Program Area One Housing Claims*

11        Plaintiff alleges his move to Program Area One violated his Fourteenth Amendment right

12    to adequate medical care[1] and his right under the ADA and RA to be free from discrimination

13    due to his disabilities. Dkt. 77 at 3–7.

14        1.  <u>Fourteenth Amendment Claims</u>

15        Plaintiff's Fourteenth Amendment claims are governed by the standard set forth in

16    *Youngberg,* 457 U.S. at 321-22. "Persons who have been involuntarily committed are entitled to

17    more considerate treatment and conditions of confinement than criminals whose conditions of

18    confinement are designed to punish." *Id*. Because of this, the Court evaluates a civilly committed

19    detainee's claims under the Fourteenth, rather than the Eighth, Amendment and determines

20

21    _____

22        [1] Defendants construe plaintiff's Fourteenth Amendment claim as one for medical care (Dkt. 80 at 5) and plaintiff does not dispute this characterization in his response. The Court observes that this claim could also be construed as one for unsafe conditions of confinement.
23    However, under either construction the claim would be governed by the same standard, which is
24    set out in *Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982).

whether plaintiff's allegations fall into the "professional judgment" articulated in *Youngberg*, 457 U.S. at 321–324. *See Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016); *Samuels v. Ahlin*, 2017 WL 6594635 at *5 (E.D. Cal. 2017). Plaintiff must establish Defendants' "'conduct diverge[d] from that of a reasonable professional.'" *Mitchell*, 818 F.3d at 443 (quoting *Ammons v. Wash. Dep't of Soc. & Health Serv.*, 648 F.3d 1020, 1027 (9th Cir. 2011)). "[L]iability may be imposed only when [Defendants'] decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323. Mere negligence or medical malpractice is not sufficient to demonstrate a constitutional violation. *See Patten v. Nichols*, 274 F.3d 829, 842–43 (4th Cir. 2001) (applying *Youngberg* to a denial of medical care for a civilly committed psychiatric patient and holding more than negligence is required to state a constitutional violation).

Defendants argue plaintiff has not alleged sufficient facts to establish a failure to meet professional standards required by *Youngberg*. Dkt. 80 at 5–7. Plaintiff does not argue he has met this standard; instead, he argues it is not relevant to his claims. Dkt. 83 at 9. Plaintiff's response states he is asserting only a claim for disability discrimination under the ADA and RA. *Id*. at 9 ("Defendant's claim of some exercise of 'professional judgment' are not relevant in ADA and/or RA actions"); *Id*. at 10 (plaintiff describes his claim as "discrimination claims brought under the ADA and/or RA statutes."). Thus, plaintiff denies he is bringing a claim for violation of professional judgment and does not contend he has alleged facts establishing this standard has been met. *Id*. at 8–10. Instead, he argues he has adequately pled a claim for discrimination under the ADA and RA. *Id*.

1    The Court concludes plaintiff is not pursuing a Fourteenth Amendment claim for

2    inadequate medical care and is pursuing only a discrimination claim under the ADA and RA.

3    Accordingly, the Court recommends plaintiff's Fourteenth Amendment claims arising out of his

4    transfer to Program Area One be dismissed. Because plaintiff has already had multiple

5    opportunities to amend his complaint, and has stated he is pursuing only an ADA/RA claim for

6    discrimination, the Court recommends dismissal without leave to amend. *Chodos*, 292 F.3d at

7    1003.

8          Finally, it is not clear whether—in addition to his disability discrimination claims under

9    the ADA and RA—plaintiff also seeks to bring a claim that inadequate medical treatment

10    violated those statutes. But the ADA and RA do not provide causes of action for challenges to a

11    prisoner's medical care. *Simmons v. Navajo Co., Arizona,* 609 F.3d 1011, 1022 (9th Cir. 2010)

12    *overruled in part on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir.

13    2016) (en banc). Accordingly, the Court recommends that any claim under the ADA/RA for

14    inadequate medical treatment also be dismissed without leave to amend.

15          2.   ADA and RA Discrimination Claims

16          Plaintiff alleges his transfer to Program Area One violated the ADA and RA because the

17    living unit lacked ADA-compliant facilities required by plaintiff due to his disabilities, and

18    defendants failed to provide reasonable accommodation to account for the lack of such facilities.

19    Dkt. 77 at 3–8. Defendants contend plaintiff has not alleged sufficient facts to demonstrate he

20    was denied services required by the ADA.

21          Title II of the ADA and Section 504 of the RA prohibit public entities from

22    discriminating on the basis of disability. 42 U.S.C. §§ 12132–23133; 29 U.S.C § 794. The

23    standards applied to determine whether an act of alleged discrimination violates the RA are the

24

same standards used pursuant to the ADA. *See Walson v. United States Marshals Serv.*, 492 F.3d 998, 1003 n.1 (9th Cir. 2007). In order to state a claim of disability discrimination under Title II of the ADA, plaintiff must allege four elements: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services ... or was otherwise discriminated against by the public entity; and (4) such exclusion, denial ... or discrimination was by reason of his disability." *McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004). Title II applies to confinement facilities like prisons and jails. *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 213 (1998) (the "plain text of Title II of the ADA unambiguously extends to state prison inmates").

Plaintiff alleges that he suffers from disabilities including obesity, a broken foot, a chronic back condition, breathing problems and a heart condition—which require the use of ADA-compliant toilets, showers and door openings accommodating his use of a walker and wheelchair. *See*, *e.g.* Dkt. 77 at 6. Defendants do not dispute that plaintiff is an individual with a disability. Nor can it be disputed that access to showers and toilets constitutes a "program or service" under the ADA. *Pierce v. County of Orange,* 526 F.3d 1190, 1220 (9th Cir. 2008) (district court erred in denying relief to challenge by mobility- and dexterity-impaired detainees to inaccessibility of prison's bathrooms, sinks, showers, and other fixtures). S*ee also Phipps v. Sheriff of Cook Cty.*, 681 F.Supp.2d 899, 916 (N.D. Ill. 2009) (collecting cases holding that showering, toileting, and lavatory use are regarded as programs and/or services under the ADA).

Defendants contend that they have not denied such services, because plaintiff was offered accommodations "including nurse assistance for toileting and allowing access to facilities in Program Area Three." Dkt. 80 at 9. But plaintiff has expressly alleged that he was refused

nursing assistance with toileting. Dkt. 77 at 4–5. Plaintiff has further alleged that he was denied assistance he required to access the Program Area Three shower facilities. *Id.* at 6. At the motion to dismiss stage, plaintiff's factual allegations must be taken as true. Accordingly, the Court recommends that defendants' motion to dismiss plaintiff's ADA/RA discrimination claims be denied.

### 3.  Request for Monetary Damages

Defendants argue that, even if plaintiff has adequately pled an ADA/RA claim, his request for monetary damages should be dismissed because he has failed to plead intentional discrimination. Dkt. 80 at 9.

To recover monetary damages under Title II of the ADA, plaintiff must meet a higher standard than is required to obtain equitable relief: plaintiff must establish intentional discrimination on the part of the state officials. *Ferguson v. City of Phoenix,* 157 F.3d 668, 674 (9th Cir. 1998). A public entity can be liable for damages under Title II of the ADA or § 504 of the RA only "if it intentionally or with deliberate indifference fails to provide meaningful access or reasonable accommodation to disabled persons." *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008). Deliberate indifference requires: (1) "knowledge that a harm to a federally protected right is substantially likely," and (2) "a failure to act upon that the likelihood." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001).

Defendants argue that plaintiff has failed to allege facts supporting deliberate indifference. Dkt. 80 at 9. Plaintiff does not contend he has alleged such facts; instead, he argues this standard is not required to obtain injunctive relief. Dkt. 83 at 10–11. Plaintiff argues that

1    cases requiring deliberate indifference are "not relevant to Bettys' claims where he is presently

2    seeking no monetary damages against Defendants." *Id.*[2]

3          But plaintiff's failure to plead facts supporting deliberate indifference goes only to the

4    remedy available if he succeeds in proving a violation of the ADA or RA, not to the validity of

5    the ADA/RA claim itself. Other district courts have determined that Rule 12(b)(6) does not

6    provide a vehicle to dismiss a portion of relief sought or a specific remedy, but instead applies

7    only to dismiss a claim in its entirety. *See, e.g. Jordan v. United States*, No. 15-cv-1199 BEN

8    (NLS), 2015 WL 5919945, at *3 (S.D. Cal. Oct. 8, 2015) ("A prayer for damages constitutes a

9    remedy, not a claim . . .. Thus, [a] prayer for relief does not provide any basis for dismissal

10   under Rule 12.") (citing *Oppenheimer v. Southwest Airlines Co.,* No. 13-CV-260-IEG (BGS),

11   2013 WL 3149483, at *3-4 (S.D. Cal. June 17, 2013) ("[T]he availability of [a certain type of

12   relief does not] control or even pertain to the sufficiency of any claim.")); *Charles v. Front Royal*

13   *Volunteer Fire & Rescue Dep't, Inc.*, 21 F.Supp.3d 620, 629 (W.D. Va. 2014) (declining to

14   dismiss remedies other than injunctive relief because Rule 12(b)(6) is a vehicle to dismiss a

15   "claim" in its entirety and a court "should not dismiss a complaint so long as it sets out facts

16   sufficient to support a reasonable inference that the plaintiff is entitled to *any* relief"). *Cf.* Fed. R.

17   Civ. P. 54(c) (prevailing party should be awarded any relief to which prevailing party is entitled,

18   "even if the party has not demanded that relief in its pleadings"). Thus, even if a plaintiff fails to

19   adequately plead facts supporting entitlement to monetary damages under the ADA, a Rule 12

20   motion is not properly used to seek dismissal of the form of relief sought when—as here—

21

22   _____

23        [2] The Court notes that elsewhere in his response, plaintiff equivocates on his apparent
     denial that he seeks monetary damages, suggesting "the court might choose to issue some type of
24   monetary damages" even though "Bettys is seeking no monetary damages directly." Dkt. 83 at 7.

1    plaintiff has otherwise adequately pled an ADA claim. *Sims v. Clarke*, No. 7:18-CV-00014, 2019

2    WL 1447484, at *6 (W.D. Va. Mar. 31, 2019).

3        Plaintiff must make the required showing of deliberate indifference in order to receive

4    any award of monetary damages. *Duvall*, 260 F.3d at 1139. But his failure to plead those facts

5    does not support the dismissal of his underlying claim at this stage. *Sims*, 2019 WL 1447484 at

6    *6. The Court therefore recommends that defendant's request for the dismissal of plaintiff's

7    request for monetary damages for alleged violation of the ADA be denied.

8            4.    ADA Title III Claims

9        Defendants contend that plaintiff's claims under Title III of the ADA should be dismissed

10    because that Title applies only to private entities and the SCC is a public entity subject only to

11    Title II. Dkt. 80 at 8. Plaintiff argues that his Title III claims are supported by *Armstrong v.*

12    *Schwarzenegger*, 622 F.3d 1058 (9th Cir. 2010). Dkt. 83 at 11–12.

13        Defendants are correct. Plaintiff's claims pertain to a public entity, not to a private

14    facility and are therefore governed by Title II of the ADA. 42 U.S.C. § 12131(1) ("public entity"

15    means "any department, agency . . . or other instrumentality of a State or States or local

16    government"); 42 U.S.C. § 12132 (prohibiting discrimination by a "public entity"). Title III, in

17    contrast, is entitled "public accommodations and services operated by private entities" and

18    defines "private entity" as "any entity other than a public entity (as defined in section

19    12131(1))." *Armstrong* is not to the contrary. There, the court validated a regulation whose

20    language paralleled a provision in Title III, because the regulation was consistent with legislative

21    history indicating Title II should be viewed as incorporating provisions of Titles I and III that are

22    not inconsistent with regulations implementing Section 504 of the Rehabilitation Act.

23    *Armstrong*, 622 F.3d at 1067. Nothing in *Armstrong* suggests a plaintiff may assert Title III

24

claims against a public entity. Plaintiff's claims arise under Title II; his claims under Title III should be dismissed.

C.    *Claims Against the State of Washington*

Plaintiff has confirmed he is not bringing Section 1983 claims against the State of Washington. Dkt. 83 at 14; *see also* Dkt. 77 at 16 (Second Amended Complaint, alleging only ADA and RA claims against the State). Defendants acknowledge that the State is a properly named defendant in a claim under the ADA and RA. Dkt. 84 at 5. Accordingly, the Court recommends that defendants' motion to dismiss the State of Washington be denied.

**IV.    Conclusion**

For the foregoing reasons, the Court recommends that defendants' motion for partial dismissal should be granted in part and denied in part. Specifically, (1) defendants' motion to dismiss plaintiff's Fourteenth Amendment claims arising out of his transfer to Program Area One, plaintiff's claims under the ADA/RA for inadequate medical care, and plaintiff's claims under ADA Title III should be granted without leave to amend; and (2) defendants' motion to dismiss plaintiff's claims for discrimination under the RA and ADA Title II, and to dismiss plaintiff's claims against the State of Washington, should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 7,

1  2021, as noted in the caption.

2          Dated this 20th day of April, 2021.

3

4          _____
           David W. Christel
5          United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24