UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN EDWARD BETTYS,<br><br>                  Plaintiff,<br><br>   v.<br><br>JOHN HAMIL, et al.,<br><br>                  Defendants. | CASE NO. 3:20-CV-5078-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 1, 2021 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is plaintiff John Edward Bettys' motion to dismiss civil lawsuit for defendants compliance creating lack of available remedy (Dkt. 90), which the Court construes as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41. The Court recommends that plaintiff's motion be granted and this case dismissed without prejudice.

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this matter on January 29, 2020. Dkt. 1. After several amendments of plaintiff's complaint and the grant in part and denial in part of defendants' motion to dismiss, defendants answered plaintiff's second amended complaint on July 6, 2021. Dkt. 88. On September 7, 2021, plaintiff filed his motion seeking voluntary dismissal. Dkt. 90. Defendants have filed a response stating they do not object to plaintiff's motion. Dkt. 91.

## DISCUSSION

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . .." Fed. R. Civ. P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).

A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (stating the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal.").

Plaintiff's motion states he seeks dismissal because defendants have provided the relief he sought in this matter and his claims have become moot. Dkt. 90 at 3. Plaintiff therefore seeks dismissal of this matter without prejudice. *Id*. Defendants state they do not object to plaintiff's motion. Dkt. 91.

The Court therefore recommends plaintiff's motion be granted pursuant to Fed. R. Civ. P. 41(a)(2) and this action be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Court recommends plaintiff's motion for voluntary dismissal (Dkt. 90) be granted and this action be dismissed without prejudice and the case closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 1, 2021, as noted in the caption.

Dated this 14th day of September, 2021.

David W. Christel
United States Magistrate Judge